**UNITED STATES ex rel. WILSON v. RAGEN.**

No. 9932.

United States Court of Appeals, Seventh Circuit.

Dec. 2, 1949.

Rehearing Denied Dec. 14, 1949.

270

original commitment. This contention, however, is predicated upon the formula employed by petitioner in the calculation of time which he has served. And the formula thus employed is clearly at variance with the rationale of the Palmer case, supra. That case was thought to be decisive of the question presented on the former appeal of this case, and we think it is still decisive on the question now presented.

The order appealed from is

Affirmed.

Fred Wilson, pro. per.

Ivan A. Elliott, Attorney General, William C. Wines, Raymond S. Sarnow, James C. Murray, Assistant Attorneys General, of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

## PER CURIAM.

This is an appeal, accompanied by a certificate of probable cause, from an order of the District Court sustaining respondent's (appellee's) motion to dismiss petitioner's (appellant's) petition for writ of habeas corpus.

This court on February 7, 1947, reversed a decision of the District Court which had ordered petitioner's discharge. United States ex rel. Wilson, petitioner v. Ragen, respondent, 7 Cir., 160 F.2d 212. We there cited as authority for such reversal United States ex rel. Palmer v. Ragen, 7 Cir., 159 F.2d 356. No question is raised as to the validity of petitioner's original commitment by an Illinois court. After serving a part of his sentence, he was released on parole. That he shortly afterward became a parole violator is shown from the fact that he was tried, convicted and served time on numerous occasions in several different states. Finally he was arrested by the State of Illinois as a parole violator and returned to the Illinois penitentiary under his original commitment.

Petitioner attempts to distinguish the instant case from the one formerly before this court on the ground that he has now served the maximum time provided by his